IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARGARET AVIS WILLIAMSON, | ) | 8:12CV281 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| FIRST NATIONAL BANK, BRETT | ) | |
| FULMER, (First National Bank), and | ) | |
| VELMA SCURLOCK, (First | ) | |
| National Bank), | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed her Complaint in this matter on August 8, 2012. (Filing No. 1.) Plaintiff was given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.  SUMMARY OF COMPLAINT

Plaintiff is a nonprisoner. She filed filed her Complaint against First National Bank ("First National") in Omaha, Nebraska, and two First National employees, Brett Fulmer ("Fulmer") and Velma Scurlock ("Scurlock"). (Filing No. 1 at CM/ECF p. 1.) Plaintiff has marked "Violation of civil rights" as the statement of jurisdiction on her pro se civil complaint form. (*Id.* at CM/ECF p. 4.)

Plaintiff's allegations are difficult to decipher. As best as the court can tell, Plaintiff alleges that she asked Fulmer and Scurlock to "stop any payments" from coming out of a First National bank account she shared with her father. They did not do so, and Plaintiff now owes First National thousands of dollars. (*Id.* at CM/ECF p. 3.)

Plaintiff alleges that Defendants are discriminating against her because she is poor and black. (*Id.*) As relief, Plaintiff asks that her name be removed from the First National account. (*Id.* at CM/ECF p. 5.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002).

## III. DISCUSSION OF CLAIMS

Even liberally construed, it is unclear what claims Plaintiff makes in her Complaint. Therefore, the court is concerned that it lacks subject-matter jurisdiction over Plaintiff's claims. A court must dismiss an action if it determines at any time that it lacks subject-matter jurisdiction. Fed. R. Civ. Pro. 12(h)(3).

Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction. For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan ex rel. Ryan v. Schneider Nat'l. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a).

Here, Plaintiff and Defendants reside in Nebraska, and Plaintiff does not allege any amount in controversy. Thus, Plaintiff's citizenship is not different from that of Defendants, and Plaintiff does not allege an amount in controversy greater than $75,000. For these reasons, Plaintiff has failed to establish diversity of citizenship jurisdiction as a basis for jurisdiction in this matter.

Subject matter jurisdiction is also proper where a plaintiff asserts a "non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). Liberally construed, Plaintiff does not set forth any specific actions taken by Defendants that violate any constitutional right or support a claim under 42 U.S.C. § 1983 or any other federal statute. In short, Plaintiff does not allege that Defendants deprived her of a right secured by the Constitution or laws of the United States or that the alleged deprivation was committed under "color of state law." For these reasons, Plaintiff has failed to establish federal question jurisdiction as a basis for jurisdiction in this matter.

On the court's own motion, Plaintiff shall have 30 days in which to amend her Complaint in order to clearly set forth the basis for this court's jurisdiction. If Plaintiff fails to do so, this matter will be dismissed without further notice. The court reserves the right to conduct further review of the amended complaint should Plaintiff choose to file one.

IT IS THEREFORE ORDERED that:

1.  Plaintiff shall have 30 days to amend her Complaint to clearly set forth the basis of this court's jurisdiction. If Plaintiff fails to file an amended complaint, this matter will be dismissed without further notice. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after Plaintiff addresses the matters set forth in this Memorandum and Order.

2.  In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (Filing No. 1) and any new allegations. Failure to consolidate all claims into one document may result in abandonment of claims.

3.  The clerk's office is directed to set a pro se case management deadline using the following text: Check for amended complaint on November 12, 2012, and dismiss if none filed.

4.  Plaintiff must keep the court informed of her current address at all times while this case is pending. Failure to do so may result in dismissal of this matter without further notice.

DATED this 10th day of October, 2012.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.